RECEIVED
MAY 05 2022
BY MAIL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BARRETT C. SWAN, ) | |
| ) | |
| Defendant, ) | No. 1:21-CV-0142-SNLJ |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff. ) | |

**MOTION FOR LEAVE TO AMEND §2255 PETITION**

COMES NOW, BARRETT C. SWAN, proceeding in *pro se*, respectfully moves to Court to allow for an amended Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. §2255 to be filed in this case.

The need to amend the original petition for *habeas corpus* relief stems from a recent Supreme Court decision that requires one additional argument to be made in the original petition.

The relevant case is *Wooden v. United States,* 595 U.S. \_\_\_\_ (2022) (decided March 7, 2022). That decision held that offenses arising from a single criminal episode do not occur on different "occasions" and thus count as only one prior conviction for the purposes of the Armed Career Criminal Act (ACCA).

A case related to *Wooden* was given a "GVR" order: *certiorari* was granted, the judgment vacated, and the case remanded to the Eleventh Circuit "for consideration in light of *Wooden v. United States...*" 596 U.S. \_\_\_\_ (Order list Apr. 4 2022). That case was *Lewis v. United States,* No. 20-7617 (2022).

The circumstances in *Lewis* closely resemble my own case, where a single prior conviction was split into multiple convictions for the purposes of using the enhanced penalties of the ACCA. See 18 U.S. C. §924(e)

In *Wooden,* the Supreme Court clarified the utility of the word "occasions" from §924(e) and it's appropriate application for the purposes of using the enhanced ACCA penalties. I intend argue that the remand in *Lewis* directly corresponds to the use of ACCA penalties in my case.

"Claims not raised in an opening brief are deemed waived." *Jenkins v. Winter,* 540 F.3d 742 (8th Cir. 2008). Even though the *Wooden* decision was published after my opening brief was filed, it is still improper to bring up new arguments in a reply brief. Therefore, in order for the merits of this argument to be properly briefed, it is necessary to amend the original petition.

This allowance would also avoid the cumbersome need to later ask the Eighth Circuit for permission to file a second-successive §2255 petition for this singular issue.

Finally, granting this motion and allowing this argument to be properly made will give this Court a chance to answer important questions about the application of *Wooden* generally. These questions include whether *Wooden* declared a new rule of law, and whether it can and should be applied to cases like mine.[1]

---

1  Specifically, whether *Wooden* would apply retroactively and, if not, whether a timely filed (first) petition for §2255 may apply *Wooden* even though a second-successive §2255 could not.

2

For the foregoing reasons, the Court should grant this motion and allow me to amend my original Motion to Vacate, Set Aside, or Correct a Sentence to properly raise a *Wooden* argument. The government would then (I assume) be allowed to file a separate opposition to that argument. Subsequently, I would then file a singular response to both.

    Signed this ____ day of April, 2022.

                                                _____
                                          BARRETT C. SWAN #32540-044
                                            Marion USP
                                            United States Penitentiary
                                            P.O. Box 1000
                                            Marion, Illinois 62959
                                            Defendant/Petitioner in *Pro Se*

## CERTIFICATE OF SERVICE

With my signature above, I attest that I have sent a true and correct copy of the foregoing **MOTION FOR LEAVE TO AMEND §2255 PETITION** to the Clerk of the U.S. District Court and to the representative of the government by placing them in the inmate mail system on the signature date reflected above.
    Service was made via U.S. Postal Mail using the addresses below:

| **Jonathan A. Clow** | **Clerk of the U.S. District Court** |
|---|---|
| Office of the U.S. Attorney | Eastern District of Missouri – STL |
| 111 S. 10th Street | 111 South 10th Street |
| 20th Floor | Suite 3.300 |
| St. Louis, MO 63102 | St. Louis, MO 63102 |

3

Barrett Swan #32540-044
USP Marion
U.S. PENITENTIARY
P.O. BOX 1000
MARION, IL 62959
Case: 1:21-cv-00142-SNLJ   Doc. #: 15   Filed: 05/05/22   Page: 4 of 4 PageID #: 113




U.S. POSTAGE PAID
FCM LG ENV
LA VISTA, NE
68128
MAY 02, 22
AMOUNT
$1.36
R2304M113757-14

1023   63102

RECEIVED
MAY 0 5 2022
BY MAIL

Clerk of the U.S. District Court
Eastern District of Missouri – STL
111 South 10th Street
Suite 3.300
St. Louis, MO 63102